IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE,             ) | |
|                                          ) | |
|       Plaintiff,                  ) | |
|                                          ) | |
| vs.                                              ) | Case No. 16−cv−0973−MJR |
| HILL,                                        ) | |
| BOWERMAN, and                    ) | |
| UNKNOWN PARTY                   ) | |
|                                          ) | |
|       Defendants.                ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

       Plaintiff William A. Malone, an inmate in Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. (Doc. 2-2, p. 15). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>        (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>        (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>              (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>     (2) seeks monetary relief from a defendant who is
> immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff's claims were originally filed in Case No. 16-cv-200-SMY. On August 29, 2016, that case underwent threshold review, and the Court determined that many of Plaintiff's claims failed to share a common nucleus of facts or parties. (Doc. 1). The Court therefore severed that case into multiple actions, including this one. (Doc. 1).

Plaintiff's Complaint alleges that on January 14, 2014, Hill witnessed $250 of Plaintiff's property being stolen. (Doc. 2, p. 13). Approximately one week later on

January 21, 2014, Bowerman confiscated three bottles of washing detergent from Plaintiff. (Doc. 2, p. 13). On March 22, 2014 and again on June 11, 2014 the prison administration violated a court order and confiscated indigent funds from Plaintiff. (Doc. 2, p. 13). Finally, Plaintiff somewhat confusingly alleges that on June 12, 2014, the inmate commissary had overcharged him by 7% over three and a half years. (Doc. 2, p. 13).

## Discussion

Previously, the Court divided Plaintiff's claims in 16-cv-200 into multiple counts. That Order specifically split **Count 3** into this case. As previously stated there, **Count 3** is as follows:

**Count 3 – Claim under the Fourteenth Amendment for deprivation of personal property and/or inmate trust fund monies without due process on various dates in 2014, against Hill, Bowerman, and unidentified Defendants.**

The due process clause of the Fourteenth Amendment provides that the states shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. However, there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Parratt v. Taylor,* 451 U.S. 527, 540 (1981) (quoting *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 611 (1974)) (noting the "usual rule" that

"[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate."), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986); *Easter House v. Felder,* 910 F.2d 1387, 1396 (7th Cir.1990) (quoting *Parratt,* 451 U.S. at 541) (stating that "deprivations of property resulting from 'random and unauthorized' acts of state actors do not constitute a violation of the procedural requirements of the fourteenth amendment due process clause if a meaningful post-deprivation remedy for the loss is available."). The United States Court of Appeals for the Seventh Circuit specifically has held that an IDOC prisoner has an adequate post-deprivation remedy for both a confiscation of the prisoner's non-contraband property by IDOC personnel and a failure to issue the prisoner a shakedown slip for the confiscated property in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir.1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis,* 5 F.3d 1031, 1035–36 (7th Cir.1993). Therefore, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment rights. This claim will be dismissed with prejudice.

## Pending Motions

On September 8, 2016, Plaintiff filed a Motion for Relief in all of his cases, requesting that the Court order Pickneyville to give Plaintiff law library access three days a week, grant him an extension of time until November 3, 2016 to meet the Court's deadlines, issue an order to Pickneyville that the Court is aware of Plaintiff's continued

claims of retaliation; and to appoint Plaintiff counsel. (Doc. 5). As the Court has determined that the claim present in this lawsuit does not present a valid theory of recovery under § 1983, this Motion will be denied as **MOOT**. (Doc. 5).

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendants **Hill, Bowerman, and Unknown party** are **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion

filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**
**DATED: October 26, 2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**